Marion Scott Real Estate Inc. v Riverbay Corp. (2023 NY Slip Op 02976)

Marion Scott Real Estate Inc. v Riverbay Corp.

2023 NY Slip Op 02976

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 653953/14 Appeal No. 395 Case No. 2022-01593 

[*1]Marion Scott Real Estate Inc., Plaintiff-Appellant,
v
Riverbay Corporation, Defendant-Respondent.

Redmond Law PLLC, New York (Jennifer Redmond of counsel), for appellant.
Khader Law, P.C., Yonkers (Michael J. Khader of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 15, 2022, which, insofar as appealed from as limited by the briefs, granted summary judgment to defendant on its counterclaims for negligence (the first counterclaim) and breach of contract (the third counterclaim) and denied plaintiff's motion for summary judgment on its cause of action for breach of contract (the second cause of action), unanimously modified, on the law, to deny summary judgment to defendant on the first and third counterclaims, and otherwise affirmed, without costs.
Defendant was not entitled to summary judgment on its counterclaim for negligence as it failed to establish as a matter of law that plaintiff was solely responsible for the development of an unlawful payment policy of paying compensatory time in lieu of cash for certain overtime hours. Although it is undisputed that plaintiff was responsible for the day-to-day management of operations and employees under the relevant provisions of the parties' management contract, this by itself is insufficient to find as a matter of law that plaintiff was responsible for the development of the policy.
Supreme Court also should not have awarded summary judgment to defendant on its counterclaim for breach of contract. Although defendant alleges in the counterclaim that plaintiff breached the parties' agreement by failing to obtain "signoff" from the defendant's board of directors before plaintiff approved certain insurance contracts, the record presented factual disputes regarding those allegations, as neither the contractual provisions nor the relevant DHCR regulations contains language definitively establishing that defendant had a pre-approval right over all insurance contracts.
However, the court properly denied plaintiff's motion for summary judgment on its cause of action for breach of contract, which alleges that defendant breached the agreement by, among other things, wrongfully terminating it without prior approval from DHCR. Even if defendant did not comply with applicable contractual provisions and DHCR regulations regarding termination of the agreement, plaintiff was not entitled to summary judgment on this cause of action given the outstanding issues with respect to whether plaintiff was in breach of the management agreement at the time of
the termination (see Marion Scott Real Estate, Inc. v Riverbay Corp., 173 AD3d 588, 588-589 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023